Allison Schmidt, Esq.
Nevada State Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: aschmidt@ghidottiberger.com

Attorney for Secured Creditor
US Bank Trust N.A., as Trustee of Bungalow Series F Trust, its successors and assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA, LAS VEGAS

In re:

ARCELIA GONZALEZ,

Debtor.

CASE NO.: 13-18021-ABL
**Chapter 11**

**MOTION FOR RELIEF FROM STAY (11 U.S.C. *Section* 362 Bankruptcy Rule 4001)**

### I.    INTRODUCTION

**COMES NOW**, US Bank Trust N.A., as Trustee of Bungalow Series F Trust, its successors and/or assigns ("Movant") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its security interest held in real property commonly described as 4496 Shallow Brush Avenue, Las Vegas, NV 89141 (the "Property"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration of servicer for Movant, in support of Movant's Motion for Relief from Stay, on file with the Court.

Movant further seeks relief in order to, at its option, offer, provide and enter into any potential

Motion for Relief
Page 1

forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Borrowers via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

Prior to the filing of the Motion for Relief from the Automatic Stay, counsel attempted to resolve the matter outside of court. However, those attempts were not successful.

## II.    JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III.    STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Note and Deed of Trust attached to the declaration of servicer for Movant, in support of Movant's Motion for Relief from Stay, on file with the Court. Movant's interest in the Note and Deed of Trust is described above.

The Deed of Trust acts as the security for the Debtor's payment on the Note. The Deed of Trust is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

## IV.    FACTS

Movant is the holder and in possession of the original Promissory Note dated June 5, 2007 in the principal amount of $242,763.00 which is secured by the Deed of Trust of the same date.

On or about June 5, 2007, the Debtor executed a Deed of Trust encumbering the Property, recorded in the Official Records of Clark County on June 8, 2007 as Document No.: 20070608-

0004083 ("Deed of Trust"). Furthermore, Movant is the current holder of the Note and beneficiary of the Deed of Trust.

The Debtor filed this subject bankruptcy petition September 19, 2013 and the Debtor's plan was confirmed on August 21, 2014.

On November 12, 2013, Movant filed a proof of claim in the subject bankruptcy identified as Claim #1, evidencing a total claim of $246,306.03.

The Plan provides for Movant's claim to be paid effective May 1, 2014 at a new unpaid balance of $150,000.00 paid at 5% interest with a maturity date of April 1, 2043, with the remaining amount of $96,306.03 to be treated as unsecured.

## V. INSTALLMENT DEFAULT

Debtor is post-petition due for the November 1, 2018 payment from the August 1, 2019 payment as follows:

| | | | | |
|---|---|---|---|---|
| Monthly payments: (Nov. 2018 – Aug. 2019) | 10 at | $920.76 | $ | 9,207.60 |
| Bankruptcy Attorney Fee: | | | $ | 850.00 |
| Bankruptcy Filing Fee: | | | $ | 181.00 |
| **Total Delinquencies:** | | | **$** | **10,238.60** |

## VI. AUTHORITY

A. **Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection**

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. The Borrower is 10 months delinquent on their payments to Movant. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.*, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing *In re*

<u>Hinkle</u>, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also <u>In re Jones</u>, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing <u>Hinkle</u>, 14 BR at 204)). The Borrower's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

### VII. CONCLUSION

**THEREFORE**, Movant respectfully requests an Order be entered by this Court as follows:

1. Terminating the automatic stay pursuant to 11 U.S.C. §362 allowing Movant to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interest held under its Note and Deed of Trust in the Property;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Borrowers with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to enter into such agreement with Borrowers;

5. That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6. For such other and further relief as the Court deems just and proper.

**GHIDOTTI BERGER, LLP**

DATED: August 30, 2019      By: /s/ Allison Schmidt
                              Allison Schmidt, Esq., Nevada State Bar # 10743
                              Attorney for Movant